IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| Rogena Vukusich,<br><br>　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC.<br><br>　　　Defendants. | No. 2:23-cv-00530<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Comes now Plaintiff, Rogena Vukusich, by and through counsel undersigned, upon information and belief, herby complains as follows:

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Vigo County Indiana.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.  Defendant, Wells Fargo Bank, N.A., (hereinafter "Wells Fargo") is a corporation existing and operating under the laws of the State of Indiana and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5.  At all times pertinent hereto, Wells Fargo was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6.  Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Indiana.

7.  Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Indiana.

8.  Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Indiana.

9.  Defendant Experian, Equifax, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Indiana.

10. Experian, Equifax, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

11. Experian, Equifax, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian, Equifax, and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

13. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Vigo County, Indiana and Defendants do business in Indiana.

15. Personal jurisdiction exists over Defendants as Plaintiff resides in Indiana, Defendants have the necessary minimum contacts with the state of Indiana, and this suit arises out of specific conduct with Plaintiff in Indiana.

## FACTUAL ALLEGATIONS

16. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Wells Fargo, Experian, Equifax, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

17. Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

18. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19. Experian, Equifax, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(b).

20. In July Plaintiff discovered a Wells Fargo account ending in 3177 (the "Account") being reported in error – specifically the Account is reporting with a balance past due after the Account was settled and paid in full by Plaintiff.

21. In April 2019 Plaintiff entered into a settlement agreement for the payoff of the Account with Wells Fargo.

22. Plaintiff made all the required payments per the terms of the settlement agreement and fully satisfied Plaintiff's obligation on the Account.

23. Despite receiving the full benefit of settlement on the Account, Wells Fargo continues to report a balance past due on Plaintiff's consumer credit reports.

24. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

25. In August 2023 Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

26. In August 2023 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

27. In August 2023 Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Transunion consumer report.

28. Despite the clarity and detail provided in the Experian Dispute, Equifax Dispute, and Transunion Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Equifax, Experian, and Transunion consumer report with a balance past due.

29. Upon information and belief, Experian, Equifax, and Transunion forwarded Plaintiff's Written Disputes to Defendant Wells Fargo.

30. Upon information and belief, Wells Fargo received notification of Plaintiff's Written Disputes from Experian, Equifax, and Transunion.

31. Wells Fargo did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

32. Experian, Equifax, and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33. Upon information and belief, Wells Fargo failed to instruct Experian, Equifax, and Transunion to remove the false information regarding the Account reporting on Plaintiff's consumer report.

34. Experian, Equifax, and Transunion each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Disputes.

35. At no point after receiving the Written Disputes did Wells Fargo and/or Experian, Equifax, and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

36. Experian, Equifax, and Transunion relied on its own judgment and the information provided to them by Wells Fargo rather than grant credence to the information provided by Plaintiff.

37. Experian, Equifax, and Transunion published the false information regarding the Account to third parties.

## COUNT I – EXPERIAN, EQUIFAX, AND TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Written Disputes, Experian, Equifax, and Transunion failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

40. Experian, Equifax, and Transunion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of Experian, Equifax and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined

by the trier of fact.

42. Experian, Equifax, and Transunion's conduct, action, and inaction was willful, rendering Experian, Equifax, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Experian, Equifax, and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EXPERIAN, EQUIFAX, AND TRANSUNION
#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Written Disputes, Experian, Equifax, and Transunion failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

47. Experian, Equifax, and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

48. As a result of this conduct, action and inaction of Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Experian, Equifax, and Transunion's conduct, action, and inaction was willful, rendering Experian, Equifax, and Transunion liable to Plaintiff for punitive damages pursuant

to 15 U.S.C. §1681n.

50. In the alternative, Experian, Equifax, and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – WELLS FARGO

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Written Disputes, Wells Fargo failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

54. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Wells Fargo's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Wells Fargo's representations to consumer credit reporting agencies, among other unlawful conduct.

55. As a result of this conduct, action, and inaction of Defendant Wells Fargo, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendant Wells Fargo's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendant Wells Fargo was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Defendant Wells Fargo pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   November 16, 2023

/s/ Joseph Panvini
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff